UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUSAN I. PERRY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS INC., and CENLAR FEDERAL SAVINGS BANK,**<br><br>    **Defendants.** | Civ. No. 23-00066 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

*Pro se* Plaintiff Susan Perry filed this action alleging that Cenlar Federal Savings Bank ("Cenlar"), a purported debt collector, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). (DE 1.) Now before the Court is Cenlar's motion to dismiss the complaint. (DE 10.)[1] For the reasons expressed below, Cenlar's motion to dismiss is **GRANTED**.

### I.   BACKGROUND[2]

### A.   Factual Allegations

Perry alleges that on or about November 10, 2022, she "disputed Cenlar Account 3004767108931 for inaccurate and incomplete reporting of the

---

[1]   The other three defendants, which are credit reporting agencies, are not involved in the motion.

[2]   Certain citations to the record are abbreviated as follows:

      "DE" = Docket entry number in this case
      "Compl." = DE 1
      "Mot." = DE 10
      "Opp." = DE 17

1

account." (Compl. ¶ 8.) Perry claims that she "disputed the date of last payment . . . and the Date of First Delinquency" and "also disputed the last actual payment amount, which is inaccurately reported." (*Id.*) Perry also states that she "disputed that the December 2021 payment history is reported as incomplete and inaccurately reported as no data available." (*Id.*) Perry alleges that after she "disputed the inaccurate account reporting, Cenlar had an obligation to modify or delete the inaccurate reporting." (*Id.*) According to Perry, "[t]he incorrect furnishing of the account information to the Credit Reporting Agencies was willful and showed reckless disregard." (*Id.*) Perry also claims that "Cenlar failed to satisfy its duty under FCRA, 15 USC § 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information." (*Id.*)

Perry adds that on or about November 10, 2022, she "requested debt validation for Cenlar Account 3004767108931" and "Cenlar failed to validate the debt." (*Id.* ¶ 9.) Perry states that "Cenlar failed to mark the account disputed and failed to remove the account from plaintiff's credit reports during the validation period." (*Id.*) Perry also alleges that Cenlar "re-aged the Date of First Delinquency." (*Id.*)

Perry continues that "Cenlar inaccurately reported the account as an active charged off account despite the account balance is reported as zero to the Credit Reporting Agencies. Cenlar failed to report the Date Closed." (*Id.* ¶ 10.) Plaintiff states that "Cenlar had a obligation to either modify or delete the inaccurate and incomplete information," but failed to do so. (*Id.* ¶ 10.)

Plaintiff alleges that she "disputed the accuracy of the reporting of the Cenlar account reported by Equifax, Transunion and Experian." (*Id.* ¶ 11.) She claims that none of them satisfied their duties under the FRCA. (*Id.* ¶ 11–14.)

As to Cenlar, Perry claims that its violations of the FCRA and FDCPA "harmed Plaintiff by, inter alia damaging her credit rating and reputation." (*Id.*

---

"Reply" = DE 19

2

¶ 15.) In her "Second Claim for Relief,"[3] Perry alleges that Cenlar violated the FCRA by "failing to comply with reporting correct information after notice and confirmation of errors, as required by 15 U.S.C. § 1681s-2(b)." (*Id.* ¶ 22.) In her "Third Claim for Relief," Perry claims that Cenlar violated the "requirements imposed under" the FDCPA, "including but not limited to: Frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional in 15 U.S.C. § 1692k(b)(1)i." (*Id.* ¶ 24.)

### B. Procedural History

Perry filed her complaint on January 6, 2023. (DE 1.) Since that date, Defendants Experian Information Solutions Inc. and Equifax Information Services, LLC, have been dismissed by stipulation. (DE 16, 23.) The present motion was filed on March 13, 2023, and seeks dismissal of all claims as to Cenlar. (DE 10.) Perry opposed the motion (DE 17), and Cenlar filed a reply (DE 19).

## II.   STANDARD OF REVIEW

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. For these purposes, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3]   Because the "First Claim for Relief" is not asserted against Cenlar, I do not address it in this Opinion.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That principle does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers; . . . but we nonetheless review the pleading to ensure that it has sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." (citations and internal quotation marks omitted)). The Court need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. DISCUSSION

#### A. FCRA Claim

Perry's Second Claim for Relief alleges that Cenlar violated 15 U.S.C. § 1681s-2(b), which "serve[s] as the basis for a private suit where a furnisher of information receives notice from a [Credit Reporting Agency] that the consumer disputes the information." *Paredas v. Sallie Mae*, No. 11-2470, 2011 WL 5599605, at *5 (D.N.J. Nov. 16, 2011). The statute provides as follows:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the personal shall—
>
> (A)  conduct an investigation with respect to the disputed information;
> (B)  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C)  report the results of the investigation to the consumer reporting agency;
> (D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile

4

> and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
>> (i) modify that item of information;
>> (ii) delete that item of information; or
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). "[C]ourts in this district have consistently held" that to state a claim under 15 U.S.C. § 1681s-2(b), "a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Dimedio v. HSBC Bank*, No. 08-5521, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009) (quoting *Martinez v. Granite State Mgmt. & Res.*, No. 08-2769, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008)); *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016). Cenlar argues that element (3) is lacking because Plaintiff fails to "allege that Cenlar conducted an unreasonable investigation of her dispute." (Mot. at 4.) Cenlar continues that Plaintiff contends "only that Cenlar must have conducted an unreasonable investigation simply because she does not agree with the results." (*Id.* at 5–6.)

The Complaint alleges that Plaintiff disputed her Cenlar account, claiming that various items were inaccurately reported. (Compl. ¶ 8.) Perry further alleges that "[a]fter Plaintiff disputed the inaccurate account reporting, Cenlar had an obligation to modify or delete the inaccurate reporting." (*Id.*) She continues that Cenlar violated 15 U.S.C. § 1681s-2(b) by failing to "updat[e] incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information." (*Id.*) These allegations omit a necessary step: Plaintiff does not allege factually that

5

Cenlar failed to investigate, conducted an unreasonable investigation, or investigated and found the information to be inaccurate, incomplete, or unverifiable, as the statute requires. Merely claiming that Cenlar "fail[ed] to satisfy its duty under FCRA . . . of updating incomplete or inaccurate information" after receiving notice from the credit reporting agencies that plaintiff disputed the information is not enough. Thus, Perry's FCRA claim fails.

Cenlar cites *Berkery*, in which the U.S. Court of Appeals for the Third Circuit considered the district court's dismissal of a similar claim. 658 F. App'x at 175. The Third Circuit noted that the "complaint alleged that he reported the billing discrepancy with Verizon to three credit agencies, but never set out any non-conclusory allegations about whether Verizon (here, the furnisher [of information]) satisfied its own duties under the statute." *Id.* at 175. The Court also stated that a "simple allegation[]," such as (hypothetically) "Verizon did not conduct a reasonable investigation after receiving notice of the discrepancy" might have helped, but that no such allegation appeared in the complaint. Thus, the Third Circuit affirmed the dismissal.

This case is comparable to the *Berkery* hypothetical. While Perry alleges that she disputed certain information with the credit reporting agencies and such agencies gave notice to Cenlar, she fails to provide factual allegations as to what happened next, simply claiming that Cenlar "failed to satisfy its duty under [15 U.S.C. § 1681s-2(b)] of updating incomplete or inaccurate information it previously reported." (Compl. ¶ 10.)

It is not enough to allege that the furnisher did not correct or update information to conform to the Plaintiff's claim of inaccuracy. Element (3) of the claim requires a plausible allegation that Cenlar failed to investigate properly. That is not alleged factually, and the FCRA claim must therefore be dismissed.

### B. FDCPA Claim

Plaintiff's Third Claim for Relief alleges that Cenlar violated the FDCPA. (*Id.* ¶ 9, 24.)

Cenlar first argues that Plaintiff fails to state a claim under the FDCPA because "the Complaint fails to plead any facts suggesting that Cenlar is a debt collector under the FDCPA." (Mot. at 7.) Cenlar is correct that the FDCPA "applies only to 'debt collectors.'" *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018). The FDCPA defines "debt collector," with certain exclusions not relevant here, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Complaint, merely parroting the statute, pleads that Cenlar "is a Debt Collector according to 15 U.S.C.A. § 1692a(6)" (Compl. ¶ 6), but that is a pure legal conclusion unsupported by factual allegations, so I need not credit it. *See Grohs*, 984 F. Supp. 2d at 282; *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 184–85 n.6 (D.N.J. 2012) (dismissing an FDCPA claim against a bank and noting that plaintiff's "assertion that 'Defendants are debt collectors within the meaning of the FDCPA' is a legal conclusion which the Court may disregard at this stage of the proceedings because Plaintiff fails to allege any facts supporting [the bank's] classification as a debt collector under the [FDCPA]"). Because Plaintiff has failed to establish that Cenlar is a "debt collector" as that term is defined in the Act, the FDCPA claim is dismissed.

Cenlar next argues, in the alternative, that the FDCPA claim fails because "Plaintiff does not allege that she even submitted a request for debt validation in writing—a prerequisite to the claim."[4] (Mot. at 8.) Plaintiff alleges that "Cenlar violated 15 U.S.C. § 1692g by failing to validate the debt allegedly owed by Plaintiff." (Compl. ¶ 9.) The statute provides that:

> If a consumer **notifies the debt collector in writing** within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or

---

[4] I note that this argument only applies to a portion of Plaintiff's FDCPA claim which alleges a violation of 15 U.S.C. § 1692g.

7

> that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added). While Plaintiff alleges that she "disputed" the account "for inaccurate and incomplete reporting of the account" (Compl. ¶ 8) and "requested debt validation" for the account (Compl. ¶ 9), she does not allege that she did so in writing, as the statute requires. Her FDCPA claim under § 1692g fails for this additional reason.

## IV.  CONCLUSION

For the reasons set forth above, Cenlar's motion to dismiss the Complaint is **GRANTED** and the Complaint is dismissed as to Cenlar without prejudice to the submission of a proposed amended complaint within 30 days, without the necessity of a formal motion to amend. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: October 10, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**